■ In the Matter of FRED JENKINS et al., Respondents, v JOSEPH CHRISTIAN, as Chairman and Member of the New York City Housing Authority, Appellant.—Judgment, Supreme Court, New York County, entered April 10, 1975, granting petition under CPLR article 78, is affirmed, without costs and without disbursements. On January 10, 1974, respondent, New York City Housing Authority, determined that petitioners were ineligible for continued occupancy of their apartment in one of the authority's public housing projects on the ground of nondesirability. The nondesirability arose from the fact that on October 6, 1971 petitioners' son Ronald committed an armed robbery on the authority's premises. In *Escalera v New York City Housing Auth.* (425 F2d 853), the United States Court of Appeals for this circuit had before it the question of appropriate procedures for termination of tenancies in housing authority projects on the ground, among others, of nondesirability. As to such proceedings, the court said (p 862), "The decision must be based solely on the evidence adduced at the hearing." Pursuant to that decision, the authority adopted certain written "Procedures for termination of tenancy". Those procedures provided in part as follows: "The Hearing Officer shall make a written decision as to whether the charges have been proven, based solely upon the oral and written evidence submitted at the hearing." The procedures were in effect at all times here relevant. The only serious and contested issue on the hearing in this case was whether petitioners' son Ronald was living with his parents, the petitioners, at the time of the robbery. The hearing officer resolved this issue against petitioners. On this issue, the hearing officer said: "Ms. Estelle Jenkins, daughter of the tenant, testified that her brother came to live with her in 1966 and was not a member of the household when the incident occurred. She further claimed he was not included in her Department of Welfare budget because he worked intermittently. The Housing Authority produced a resident certificate for 1971 showing Ronald's name included as

a member of the household—with a line drawn through it. The hearing officer felt that documentary evidence would be necessary to establish residency of Ronald. The family was to forward such proof from a school within one week. Five weeks have passed and no proof has arrived." Although the record before us is certified to be the complete record of the hearing, there is no evidence in the record with respect to Estelle Jenkins' department of welfare budget or to a resident certificate for 1971 referred to by the hearing officer. At least so far as the record before us is concerned, it would appear that the hearing officer and the authority did not adhere to the requirement that the decision shall be "based solely upon the oral and written evidence submitted at the hearing." For this reason the Special Term was correct in annulling the determination of the authority. Concur— Markewich, J. P., Lupiano, Silverman and Lane, JJ.; Kupferman, J., dissents in a memorandum, as follows: I dissent and would reverse. There was a rational basis for the determination of the authority.